[Crim. No. 2239.   Third Dist.   Dec. 20, 1950.]

THE PEOPLE, Respondent, v. ELIJAH MEANS et al., Appellants.

Henry W. Mahan for Appellants.

Fred N. Howser, Attorney General, Gail A. Strader, Deputy Attorney General, P. B. Lynch, District Attorney, and Arthur F. Krause, Deputy District Attorney, for Respondent.

VAN DYKE, J.—Elijah Means, and appellant Hurtha Winn were charged with the crimes of burglary and robbery alleged to have been committed in the City of Vallejo.   Defendants entered pleas of not guilty as to each count and the case was tried before a jury, which returned verdicts of guilty as to each defendant on both counts.   Probation was applied for by Means and was denied.   He was then sentenced to imprisonment in the county jail for a term of

one year. Appellant Winn, being 18 years of age, was committed to the Youth Authority of the State of California for the term prescribed by law. Both appealed, but the appeal of Means has, at his request, been dismissed.

No contention is made that the evidence was insufficient to support the verdicts of the jury. A brief statement of facts, substantially shown by the record, will be sufficient to dispose of the contentions made. These contentions are that the court erred in denying appellant's motions, for mistrial, and for directed verdicts of acquittal. The motions for mistrial were based upon certain alleged inflammatory and derogatory statements made by the prosecuting attorney.

The record discloses that A. M. Martin, a man 72 years of age, operated a grocery store in Vallejo and that on January 5, 1950, the two defendants, together with a third man, entered the store during the early afternoon. They moved about the store and made some purchases. One of them gave Martin a bill to change, whereupon he went into his living quarters in the rear of the building for that purpose. His living room was separated from the store by a drawn curtain, and while he was in it the three men watched him through this curtain. After they had left, Martin discovered that money was missing from a certain billfold. On the next day the same three men again entered Martin's store and acted much as they had the day before, but one of the three went into the back rooms and Martin, becoming suspicious, followed and discovered the man to be ransacking bureau drawers. The two other men then followed and the three threatened to beat Martin and to kill him. They threw him on the bed and continued to search the room. They attempted to force him to disclose the location of his money. Failing in this they took a bag of small change. They pulled the telephone off the wall. They then took money from the cash register and left.

The first assignment of prejudicial misconduct of the prosecuting attorney was made when, during the course of the trial and while appellant Winn was on the witness stand under cross-examination concerning a conversation between him and a police officer, the following occurred: "Q. Then prior to the 11th of January, 1950, had you ever talked to Lieutenant Booras? A. No. . . . Q. Then you did not know his voice, if you had not talked with him before? A. He talked it to me from Sutter Street—from Illinois and Sutter all the way to the Police Station. And I wouldn't recognize

his voice? If a man talked to you like that man talked to me, for crying out loud, a dog could remember! The Reporter: A what? Mr. Mahan [Counsel for Appellant]: A what? A. A dog. A dog. D-o-g. Mr. Mahan: A dog. That is a good word. I got one, a good one. Mr. Krause [Prosecuting Attorney]: You have got one on the stand, too. Mr. Mahan: What? Mr. Krause: You heard it. Mr. Mahan: I said, 'That is a good word, a dog; I have got one,' and the District Attorney said, 'And he is right on the witness stand, too.' And I assign that as the rankest, rottenest kind of prejudicial misconduct that stinks—— Mr. Krause: (Interrupting) Yes —— Mr. Mahan: (Interrupting) That is absolutely the most insulting thing that I have ever heard. Mr. Krause: It was Mr. Mahan's inference when he said—— The Court: (Interrupting) Let's go on with the trial. . . . The Court: The Jury is admonished not to pay any attention to the row between counsel that is now going on. Mr. Mahan: May the jury be admonished not to be prejudiced because my client has been called a dog? Mr. Krause: Yes, and I would like to say, your Honor, my reply was to Mr. Mahan, in reply to his insinuation that Lieutenant Booras—— The Court: (Interrupting) I don't care anything about a row between you fellows. . . . I wish you would get on with the trial."

The statement by the prosecuting attorney that counsel for accused had a dog on the stand, although addressed to counsel, not the accused, in one of the innumerable asides that occurred throughout the trial, is of course to be condemned. There was no just occasion for the remark; and neither, for that matter, was there justification for defense counsel's unwarranted interruption which precipitated the altercation. But the court correctly described the incident as a row between counsel and promptly told the jury to disregard it. We feel sure no prejudice was suffered by appellants.

■ Prejudicial misconduct on the part of the prosecuting attorney is also alleged to have occurred during the closing argument. The prosecuting attorney was commenting on the length of the trial and suggesting this was the fault of counsel for the accused in that he had caused the trial to deal with various side issues not substantially pertinent to the main issues. He urged the jury to forget "all this other rubbish that went on in this trial. There is only one real issue, and that is the identity of these defendants." Counsel

for accused then interrupted, "Is the rest of the case rubbish? My remark . . . is intended to be as an objection to the record . . . . I attribute it to the comment of the District Attorney which is in the record that Winn was a dog, and I do say that is rubbish."

Other assignments of misconduct need not be specifically noted. They also have to do with argument and we think the argument complained of was within the permissible limits. As to the incident specifically noted, the prosecuting attorney referred to some of the testimony as rubbish. That was his way of saying, arguendo, that it was inconsequential and should have been left out. A reading of the voluminous record places the description used within the bounds of permissible argument.

We hold the trial court conducted the trial fairly and was correct in denying the motions for mistrial.

Counsel for appellant also complains that the court should have granted his motion for directed verdict; but he does not, and, we think could not, seriously urge that the motion was well founded. It is unnecessary to treat the matter further.

As noted above, the appeal of Means was, at his request, dismissed. The judgment as to Winn is affirmed.

Adams, P. J., and Peek, J., concurred.